# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MAC'S CONVENIENCE STORES LLC, a Delaware limited liability company,<br>    *Plaintiff*,<br><br>v.<br><br>KAISH LLC, a Tennessee limited liability company, and AKBAR BHAMANI, an individual,<br>    *Defendants*. | No. 1:23-cv-00284-TAV-CHS |

## ORDER GOVERNING FED. R. EVID. 502 WAIVERS

This matter is before the Court upon the parties' Joint Motion for Entry of Rule 502 Order [Doc. 26]. By agreement of the parties and for good cause shown, the referenced motion is hereby **GRANTED** and it is **ORDERED** that the following provisions shall apply to disclosure of a document, communication, information, or notes relating to a document, communication, or information (collectively, "Information") covered by any privilege or protection recognized by applicable law, including, but not limited to, the attorney-client privilege or work-product protection as defined by Fed. R. Evid. 502(g).

1. Pursuant to Fed. R. Evid. 502(b), the holder of a privilege or protection may request the return of privileged or protected Information under this Order if: (1) disclosure of the Information was inadvertent; (2) the holder took reasonable steps to prevent disclosure of the Information; and (3) the holder promptly undertakes reasonable steps to rectify the erroneous production including, if applicable, following Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(5)(B).

2. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Information shall not result in a waiver of any privilege or protection recognized by the law of the state where the disclosure occurred, including, but not limited to, the attorney-client privilege or work-product protection, in this or any other proceeding, that the disclosing party would otherwise be entitled to assert with respect to the produced Information.

3. If a party contends that Information subject to a claim of privilege or protection has been inadvertently disclosed or produced, the party making the claim shall promptly notify any party that received the Information of the claim and the basis for it. As part of the notification, the party shall identify, by Bates number(s), the document(s) as to which the party is asserting a claim of privilege or protection.

4. Pursuant to Fed. R. Civ. P. 26(b)(5)(B), a party receiving notification of a claim of inadvertent disclosure or production must promptly return, sequester, or destroy the specified Information, any copies it has made of the Information, or any notes taken relating to the Information, and may not use or disclose the Information, any copies thereof, or any related notes until the claim is resolved. A receiving party may promptly present the Information to the Court under seal for a determination of the claim. If the receiving party disclosed the Information before being notified, it must take reasonable steps to retrieve it.

5. This Order does not preclude a party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged information to support a claim or defense.

6. No inadvertent disclosure will result in a subject-matter waiver of any privilege or otherwise be a waiver of any privilege as to any document that is not produced. No party to this agreement or their counsel may argue, in this proceeding or in any other proceeding of any kind in any forum, court, or jurisdiction, that any inadvertent disclosure in the present litigation constitutes a subject-matter waiver of any privilege or otherwise constitutes a waiver of any privilege that may apply to any document that is not produced.

7. This Order shall be governed by, and shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE