# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| **MAC'S CONVENIENCE STORES LLC,** a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>**KAISH LLC,** a Tennessee limited liability company, and **AKBAR BHAMANI,** an individual,<br><br>    Defendants. | **Civil Action No. 1:23-cv-00284** |

## [PROPOSED] DEFAULT JUDGMENT AGAINST KAISH LLC AND AKBAR BHAMANI

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the record before the Court, and for good cause appearing, the Court finds that:

1. Plaintiff Mac's Convenience Stores LLC ("Mac's") filed its Complaint against Defendants Kaish LLC ("Kaish") and Akbar Bhamani ("Bhamani") (collectively, "Defendants") on December 5, 2023. [Doc. 1].

2. Defendants executed an Acknowledgement of Service on February 29, 2024, filed with the Court on March 1, 2024, acknowledging that Kaish was served with the Complaint via certified mail on February 26, 2024, and Bhamani was served with the Complaint via certified mail on February 22, 2024. [Doc. 18].

3. On January 6, 2025, Defendants' counsel filed a Motion to Withdraw as Defendants' counsel, which was granted after a hearing held on January 24, 2025, at which counsel for Mac's appeared, then-counsel for Defendants, and Bhamani. [Doc. 33].

4. The Court's Order required Defendants to "have a new attorney enter an appearance on behalf of Defendants *OR* . . . inform the Court in writing that [Bhamani] intends to represent himself." [Doc. 33 at 1 (emphasis in original)]. The Court noted that, during the hearing, it informed Defendants that, as an LLC, Kaish cannot represent itself. [*Id.* at 1 n.1].

5. In the Order, the Court expressly warned, "Defendants are hereby placed on notice that failure to comply with this Court's Order may result in a default judgment being entered against them pursuant to Fed. R. Civ. P. 55." [*Id*. at 2].

6. The Court mailed the Order to Defendants at the addresses they provided to the Court upon their counsels' withdrawal. [*Id*.].

7. Defendants' deadline to comply with the Court's Order passed on February 21, 2025.

8. Defendants did not have a new attorney enter an appearance on their behalf or inform the Court in writing that Bhamani intends to represent himself as required by the Court's Order. Defendants also did not seek any extension of time to comply with the Court's Order.

9. Mac's thereafter properly filed an Application for Entry of Default against Defendants on March 7, 2025. [Doc. 34].

10. Copies of the Application for Entry of Default were sent via FEDEX overnight on March 12, 2025, to both addresses that Defendants provided when their counsel withdraw, with delivery confirmed on March 13, 2025. Mac's filed a Certificate of Service with the Court on March 13, 2025. [Doc. 36].

11. The Clerk entered default against Defendants on March 28, 2025. [Doc. 38].

12. Defendants are not infants, incompetent, or in the military service.

13. The allegations in Mac's Complaint are true and correct.

14. Mac's is entitled to the relief requested.

15. Defendants' debt to Mac's is due, owing, and a sum certain.

Case 1:23-cv-00284-TAV-CHS    Document 40-10    Filed 05/13/25    Page 2 of 3
PageID #: 655

**ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered in favor of Plaintiff Mac's and against Defendants, jointly and severally, in the amount of $604,417.75.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered in favor of Plaintiff Mac's and against Defendants, jointly and severally, in the amount of $755.00, which represents Plaintiff's taxable costs recoverable pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C.A. § 1920.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered in favor of Plaintiff Mac's and against Defendants, jointly and severally, in the amount of $140,488.50, which represents Plaintiff's incurred attorneys' fees recoverable pursuant to the terms of the contracts at issue.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered in favor of Plaintiff Mac's and against Defendants, jointly and severally, in the amount of $_____, which represents the pre-judgment interest due and owing to Mac's pursuant to Tenn. Code Ann. § 47-14-123.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that interest shall accrue on this Judgment at the rate of _____% per annum (the rate published by the Board of Governors of the Federal Reserve System for the week preceding judgment), beginning on _____, 2025, and accruing until the judgment is satisfied in full, pursuant to 28 U.S.C.A. § 1961.

No further matters remain pending and this judgment is entered pursuant to Rule 54 of the Federal Rules of Civil Procedure.

DATED this _____ day of _____, 2025.

_____
The Honorable Judge Thomas A. Varlan
United States District Judge