**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

**MAC'S CONVENIENCE STORES LLC, a Delaware limited liability company,**

**Plaintiff,**

**v.**

**KAISH LLC, a Tennessee limited liability company, and AKBAR BHAMANI, an individual,**

**Defendants.**

**Civil Action No. 1:23-cv-00284**

## MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO PROSECUTE

Pursuant to Federal Rule of Civil Procedure ("Rule") 41(b), Mac's Convenience Store LLC ("Mac's") respectfully requests that Kaish LLC's ("Kaish") and Akbar Bhamani's ("Bhamani") (collectively, "Defendants") Counterclaims be dismissed without prejudice for failure to prosecute. Defendants filed an Amended Counterclaim on May 7, 2024 [Doc. 24], asserting the following claims: Count 1: Fraud in the Inducement; Count Two: Breach of Warranty and Breach of Contract for Signage; and Count Three: Breach of Lee Highway Dealer Agreement and the Ringgold Road Dealer Agreement. Each of these Counterclaims should be dismissed for failure to prosecute.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

#### A. Relevant Facts.

As more fully described in the Complaint and the simultaneously filed Response to Order to Show Cause and Motion for Entry of Default Judgment ("Default Motion"), a summary of the relevant facts are as follows. In September 2019, Mac's and Kaish entered into Subleases by way of separate Assignment and Assumption of Subleases for each of the Premises.[1] [Doc. 1, ¶ 18, Exs. D, E, F]. The Subleases require Kaish to pay Mac's rent in monthly installments as described in each of the Subleases. [*Id.* at ¶ 22, Exs. A, B, C]. The Subleases each contain a Cross Default Agreement providing that the Dealer Agreements and related agreements compose a single transaction and a Cross Default Provision providing that any default under any agreement constitutes a default under the Subleases. [*Id.* at ¶¶ 52-56, Exs. A, B, C]. In August 2019, Mac's and Kaish also entered into Dealer Agreements by way of separate Assignment and Assumption Agreements for each of the Premises. [*Id.* at ¶ 43, Exs. J, K, L]. In sum, the Dealer Agreements provide that Mac's is the exclusive supplier of Kaish's motor fuel product requirements and require Kaish to purchase from Mac's certain minimum quantities of fuel at each of the Premises. [*Id*. at ¶¶ 46-47, Exs. G, H, I]. The Subleases, Cross Default Agreement, Cross Default Provision, and Dealer Agreements are valid and enforceable contracts between Mac's and Kaish. [*Id*. at ¶ 96, Exs. A-C, G-I]. Mac's performed all of its duties and obligations under the Subleases, Cross Default Agreement, Cross Default Provision, and Dealer Agreements. [*Id*. at ¶ 97].

---

[1] The terms used herein are defined in the Complaint [Doc. 1] and the simultaneously filed Default Motion.

Bhamani and Mac's also entered into three separate Personal Guaranties of Performance relating to each of the Premises (collectively, the "Guaranties"), which are attached to the Complaint as Exhibits N, O, and P. [*Id*. at ¶ 57, Exs. N, O, P]. Under the terms of the Guaranties, Bhamani, agreed to, among other things, fully, unconditionally, and irrevocably guarantee the full and prompt payment of Kaish's liabilities under the Dealer Agreements and Subleases. [*Id*. at ¶ 58]. Bhamani further agreed that, in the event Kaish fails at any time to make any part of the payments owed or perform its obligations under, among other things, the Dealer Agreements, he would pay or perform the liabilities guaranteed as if they constitute a direct and primary obligation of his. [*Id*. at ¶¶ 58-59].

Kaish materially breached the Subleases, including by failing to pay rent, taxes, fees, and other amounts owed to Mac's thereunder, failing to use the Premises for their intended use for a period of fifteen consecutive days and abandoning the Premises, failing to repair the Jenkins Road Premises and Improvements after a tornado event, and failing to carry sufficient insurance coverage for the Jenkins Road Premises. [*Id.* at ¶¶ 98–100]. Kaish materially breached the Dealer Agreements by failing to purchase the minimum required amount of fuel from Mac's, failing to carry sufficient insurance coverage for the Jenkins Road Premises, failing to remove all property, fixtures, and equipment from the Premises, and failing to pay the costs incurred by Mac's to remove such property, fixtures, and equipment. [*Id.* at ¶¶ 101–102].

The Guaranties are valid and enforceable contractual agreements between Mac's and Bhamani. [*Id.* at ¶ 107]. Mac's has performed all of its duties and obligations under the Guaranties. [*Id.* at ¶ 108]. Bhamani materially breached the Guaranties by failing to pay the amounts owed to Mac's under the Subleases and Dealer Agreements and failing to fulfill Kaish's performance obligations thereunder. [*Id.* at ¶ 109].

As a direct and proximate result of Defendants' breaches, Mac's has incurred substantial damages, including unpaid rent, taxes, fees, and other amounts owed under the Subleases, and costs to remove property, fixtures, and equipment from the Premises after default and termination of the Subleases, totaling $604,417.75 for all three Premises. [*Id.* at ¶¶ 73, 80, 87, 104, 110]. Defendants' breaches and Mac's resulting damages are more fully detailed in the Default Motion.

**B. <u>Procedural Background.</u>**

Mac's filed its Complaint on December 4, 2023. [Doc. 1]. After filing the Complaint, Mac's diligently attempted to personally serve Defendants at least four times, but was unsuccessful. It was believed that Defendants were potentially avoiding service. Finally, Defendants executed an Acknowledgement of Service on February 29, 2024, filed March 1, 2024, acknowledging that Kaish was served with the Complaint via certified mail on February 26, 2024, and Bhamani was served with the Complaint via certified mail on February 22, 2024. [Doc. 18]. Defendants initially retained counsel and appeared in this case by filing an Answer and Counterclaim on April 3, 2024. [Doc. 19]. Defendants' Counterclaim suffered from numerous deficiencies and was so vague and ambiguous that Mac's could not prepare a meaningful response. Also, any purported fraud claims were not sufficiently pled under Fed. R. Civ. P. 9(b). Accordingly, Mac's prepared a Motion for More Definite Statement and Alternative Motion to Dismiss under Rules 12(b)(6) and 9(b). Shortly before the deadline to file this Motion, Defendants' then-counsel agreed to file an Amended Counterclaim upon granting of extension of time to do so. Defendants later filed an Amended Counterclaim on May 7, 2024 [Doc. 24]. Thereafter, Defendants participated in the litigation for more than a year, including preparing and filing joint case report, responding to written discovery requests, producing some documents, and participating in mediation, but have subsequently failed to "otherwise defend" such that default

was required under Rule 55(a). *See Oakworth Capital Bank v. 6101 Sligo, LLC*, 3:23-CV-01144, 2024 WL 3440246 at *4-*5 (M.D. Tenn. Apr. 1, 2024) (holding that the term "otherwise defend" as construed under Rule 55 presumes "inaction that evinces a failure to defend" even when after answering).

After mediation was unsuccessful, on January 6, 2025, Defendants' then-counsel filed a Motion to Withdraw as Defendants' counsel. [Doc. 31]. On January 24, 2025, the Court entered an Order granting counsel's request to withdraw as counsel for Defendants and ordering Defendants to, within 30 days of the Order, "have a new attorney enter an appearance on behalf of Defendants ***OR*** . . . inform the Court in writing that [Bhamani] intends to represent himself." *See* 1/24/2025 Order [Doc. 33] at 1 (emphasis in original). The Court noted that it informed Defendants that, as an LLC, Kaish cannot represent itself. [*Id.* at 1 n.1]. The Court further stated, "Defendants are hereby placed on notice that failure to comply with this Court's Order may result in a default judgment being entered against them pursuant to Fed. R. Civ. P. 55." [*Id.* at 2]. The Court's Order followed a hearing at which Plaintiff's counsel, Defendants' then-counsel, and Bhamani were present. At the hearing, the Court provided substantially similar instructions to Bhamani, on behalf of Defendants, on the record.[2]

Defendants' deadline to comply with the Court's Order passed on February 21, 2025. Defendants never requested an extension of time to obtain new counsel. To date, Defendants have not had a new attorney to enter an appearance on their behalf or informed the Court in writing that Bhamani intends to represent himself as required by the Court's Order.

---

[2] Many of the statements made in this motion, including this one, are further supported by affidavits attached as Exhibits A and B to the contemporaneously filed Default Motion. For efficiency, Mac's does not re-attach the affidavits here, but incorporates them by reference.

Defendants also stopped participating in discovery, despite the fact that there are numerous impending Scheduling Order deadlines. [Doc. 22]. For example, Mac's had previously served Notices of Deposition to Defendants on December 12, 2024, for depositions to occur on January 22 and 23, 2025, and such depositions were vacated due to the Motion to Withdraw. Defendants have not since communicated with Mac's counsel to reschedule the depositions or engage in other discovery or work needed for the case. Defendants have also not engaged in any discovery to prosecute their Counterclaims.

Based on Defendants' failure to defend the case and failure to comply with the Court's order to have a new attorney appointed to represent Kaish or for Bhamani to inform the Court Bhamani intends to represent himself, Mac's filed an Application for Entry of Default ("Application") on March 7, 2025. [Doc. 34]. The Clerk entered default against Defendants on March 28, 2025. [Doc. 38].

Notably, with respect to the Counterclaims, after filing them, Defendants have done nothing to prosecute these claims. Even when represented by counsel, Defendants served no written discovery or deposition notices related to the Counterclaims, filed no motions related to them, and did not advance them during mediation. Now that Defendants have failed to comply with the Court's January 24 Order to appoint counsel, they are no longer able to prosecute these claims in this lawsuit. *See Hartford Fire Ins. Co. v. CMC Constr. Co., Inc.*, No. 3:06-CV-11, 2008 WL 11342638, at *3-*4 (E.D. Tenn. July 23, 2008) (dismissing counterclaims for failure to prosecute where defendants failed to obtain new counsel in compliance with court order); *see Util. Serv. Corp. of Huntsville v. Ground Support, LLC*, No. 3:18-CV-00460, 2019 WL 2814667, at *2 (M.D. Tenn. June 7, 2019), *report and recommendation adopted*, No. 3:18-CV-00460, 2019 WL 2764082 (M.D. Tenn. July 2, 2019) ("Ground Support's failure to retain counsel and otherwise

participate in this litigation also demonstrates that it has abandoned its counterclaim against USCH."). Further, since the Court's Order, Defendants have not requested an extension with regards to the Court's Order, have done nothing to participate in this case, and have not advanced their Counterclaims in any way.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>Legal Standard.</u>

Pursuant to Rule 41(b), courts have the authority to dismiss a case for "failure of the plaintiff to prosecute ***or to comply with these rules or any order of the court***." *Knoll v. Am. Tel. & Telegraph Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999), quoting Fed. R. Civ. P. 41(b) (emphasis added). Rule 41 expressly applies to the dismissal of counterclaims as well. Fed. R. Civ. P. 41(c) ("This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim."). "Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary." *Dodd v. Huffman*, No. 2:22-cv-00032, 2024 WL 4830612, at *4 (M.D.Tenn., Oct. 30, 2024), *report and recommendation adopted*, No. 2:22-CV-00032, 2024 WL 4828718 (M.D. Tenn. Nov. 19, 2024). "It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Id*. (citations omitted). The Sixth Circuit therefore "affords district courts 'substantial discretion' regarding decisions to dismiss for failure to prosecute." *Id.* (citations omitted).

The factors to consider before imposing such a dismissal are whether: "1) the failure to cooperate with the court's orders was willful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Kova Bristol Tenn 1894, LLC v. Bristol Preservation, LLC*, No. 219CV00084DCLCCRW, 2020 WL 13443403, at *1 (E.D. Tenn. July 8, 2020). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the

"controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Brewer v. Bedford Cnty. Sheriff's Dept.*, No. 3:23-CV-01225, 2025 WL 310130, at *2 (M.D. Tenn. Jan. 24, 2025), *report and recommendation adopted*, No. 3:23-CV-01225, 2025 WL 586371 (M.D. Tenn. Feb. 24, 2025) (citations omitted).

**B. Defendants' Counterclaims Should be Dismissed Without Prejudice Because They Failed to Cooperate with the Court's Order to Appoint New Counsel, and the Legal Factors Weigh in Favor of Dismissal.**

Dismissal is warranted because Defendants failed to comply with the Court's Order to appoint new counsel or, for Bhamani, inform the Court that he intended to represent himself. *See* 1/24/2025 Order [Doc. 33] at 2. "It is well established that courts have inherent power to dismiss and/or enter default judgment when a party disobeys a court order or otherwise interferes with the efficient administration of justice." *Kova Bristol Tenn 1894, LLC*, 2020 WL 13443403 at *1, quoting *Smith v. Comm'r*, 926 F.2d 1470, 1475 (6th Cir. 1991). More specifically, courts have held that a corporation's failure to obtain counsel in violation of a court order may lead to dismissal. *Util. Serv. Corp. of Huntsville*, 2019 WL 2814667 at *1 (dismissal warranted where a corporation failed to retain new counsel in violation of the court's order). Similarly, Defendants here have violated the Court's Order and failed to appoint new counsel. Thus, dismissal is warranted under Rule 41(b). *See id.* at 2. The legal factors further warrant dismissal of the Counterclaims.

***First***, under the aforementioned factors, Defendants' failure to comply with the Court's Order constitutes willfulness, bad faith, or fault. *U.S. ex rel. Florence v. Envision Healthcare*, No. 3:19-CV-00493, 2021 WL 6804139, at *3 (M.D. Tenn. May 18, 2021), *report and recommendation adopted sub nom. U.S. v. Envision Healthcare and KKK & Co., Inc.*, No. 3:19-CV-00493, 2021 WL 6804138 (M.D. Tenn. June 14, 2021) ("A plaintiff's actions demonstrate bad

faith, willfulness, or fault where they 'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings'") (citations omitted). Federal courts in Tennessee have held that even if there is no indication that an action was motivated by bad faith, it "still reflects 'willfulness and fault.'" *Brewer v. Bedford Cnty. Sheriff's Dep't*, 2025 WL 310130 at *3; *U.S. ex rel. Florence v. Envision Healthcare*, 2021 WL 6804139 at *3 ("Even if Florence and Bass's failure to retain counsel does not rise to the level of bad faith, it reflects willfulness and fault for purposes of Rule 41(b)."). More specifically, Defendants here failed to obtain counsel or provide notice that at least Bhamani would represent himself in accordance with the Court's Order. [Doc. 33 at 2].

Indeed, courts in the Sixth Circuit have held that "failure to obtain counsel constitutes willfulness, bad faith, or fault due to Plaintiff's 'reckless disregard for the effect of [its] conduct on [the] proceedings.' " *Kova Bristol Tenn 1894, LLC*, 2020 WL 13443403 at *1 (citations omitted). The court in *Kova Bristol Tenn 1894, LLC* ruled:

> Plaintiff's ***failure to obtain counsel*** has prevented the resolution of discovery disputes and impeded the possibility of compliance with deadlines outlined in the Scheduling Order.

*Kova Bristol Tenn 1894, LLC*, 2020 WL 13443403 at *1 (emphasis added).

The court's analysis in *Kova Bristol Tenn 1894, LLC* is instructive given that the Plaintiff in that case was ordered to obtain new counsel within 30 days, similar to Defendants/Counterclaimants in the present case. *Id.* at *1; [Doc. 33 at 2]. In *Kova Bristol Tenn 1894, LLC*, following Plaintiff's failure to obtain new counsel, Defendant filed a Motion to Dismiss for Lack of Prosecution. *Kova Bristol Tenn 1894, LLC*, 2020 WL 13443403, at *1. The court subsequently weighed the applicable factors, described above, and held that dismissal was appropriate given the party's lack of participation in the matter, prejudice suffered by the defendant, prior warnings given to plaintiff about the risk of dismissal should no action be taken

to appoint new counsel, and the lack of an appropriate alternative sanction. *Id.* Similarly, the Court should dismiss the Counterclaims in the present case given Defendants' equal failure to comply with the Court's order to appoint counsel, which is willful in light of their knowledge, including Bhamani's appearance at the January 24, 2025 hearing where he was told directly by the Court what actions needed to be taken to appoint counsel and the risk of dismissal and default if that did not happen. This warning was also contained in the Court's Order. [Doc. 33 at 2].

Defendants' deadline to comply with the Court's Order passed on February 21, 2025. Defendants have failed to obtain substitute counsel, failed to request an extension to obtain new counsel, and failed to respond in any way to the Court's Order. Defendants were adequately forewarned by the Court's Order that failure to obtain counsel would result in the entry of default judgment. [Doc. 33 at 2]. Defendants' failure to respond reflects bad faith, willfulness, or fault. Accordingly, the Court should find that this factor weighs in favor of dismissal.

***Second***, dismissal is warranted because Mac's has been prejudiced by Defendants' failure to prosecute their Counterclaims. Defendants' failure to obtain counsel has interfered with discovery deadlines and prevented compliance with the original Scheduling Order. *Kova Bristol Tenn 1894, LLC*, 2020 WL 13443403, at *1 ("Defendant has been prejudiced by Plaintiff's conduct due to the inability to meaningfully conduct discovery, resolve discovery disputes, and comply with deadlines in the Scheduling Order."). Furthermore, Defendants' failure to pursue their Counterclaims has led Mac's to waste time, money, and effort in pursuit of cooperation and discovery into those claims, including failure to respond at all to rescheduling Defendants' depositions and Mac's need to file a motion to continue Scheduling Order deadlines in light of Defendants' failure to respond after counsel withdrew. *Id.* at *1, quoting *Harmon v. CSX Transp.*,

*Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) ("Defendant has 'waste[d] time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide.' ").

Defendants' failure to participate in discovery and litigation overall has led Mac's to incur additional costs that would have been prevented had Defendants engaged in the litigation process. As described above, Defendants stopped participating in discovery, despite the fact that there were numerous impending Scheduling Order deadlines. [Doc. 22]. For example, Mac's had previously served Notices of Deposition to Defendants on December 12, 2024, for depositions to occur on January 22 and 23, 2025, and such depositions were vacated due to the Motion to Withdraw. As a result of Defendants' delay, Mac's expended time and effort to file a Motion to Extend Discovery Deadlines on March 25, 2025. [Doc. 37]. Mac's filed the Motion to Extend Discovery Deadlines prior to the entry of default judgment because Defendants had not secured new counsel, and Mac's did not want to run afoul of any deadlines in the original Scheduling Order. [Doc. 22]. Had Defendants participated in the litigation of their Counterclaims, or appeared in any capacity after the Court's January 24 Order, these funds, among others, would not have been unnecessarily incurred. Mac's also was prejudiced in its ability to file an early motion for summary judgment on Defendants' Counterclaims, which it is confident it would have prevailed on, due to Defendants' failure to appoint counsel and finish discovery, including its own depositions.

Given the unnecessary expenditure of funds by Mac's warranted by Defendants' failure to comply with the Court Order, as well as the wanton disregard for Mac's time and resources, Defendants' Counterclaims should be dismissed.

***Third***, Defendants were warned by the Court that failure to obtain counsel would lead to negative consequences for their case. "Whether a party was warned that failure to cooperate could lead to dismissal is a 'key consideration' in the Rule 41(b) analysis." *Brewer*, 2025 WL 310130 at

*4 (citation omitted). Where "[t]he Court provided ample warning that continued failure to comply with its orders could lead to a recommendation of dispositive sanctions[,]" dismissal without prejudice under Rule 41(b) is warranted. *Util. Serv. Corp. of Huntsville*, 2019 WL 2814667 at *3.

The Court's Order states that "Defendants are hereby placed on notice that failure to comply with this Court's Order may result in a default judgment being entered against them pursuant to Fed. R. Civ. P. 55." [Doc. 33 at 2]. Bhamani appeared at the January 24, 2025 hearing and was also warned then about the risk of dismissal and default if he did not appoint new counsel for Kaish or notify the Court that he would represent himself. Defendants have failed to respond in any manner to the Court's Order, either by engaging new counsel or otherwise requesting an extension of time. Furthermore, Defendants have not taken any action through discovery or the judicial process to advance their Counterclaims.

Dismissal of the Counterclaims is warranted because Defendants were expressly warned that dispositive sanctions would be incurred should they fail to comply with the Court's Order. The Court should find that this factor weighs in favor of dismissal.

***Fourth***, the Court examines whether alternate sanctions were imposed or considered in granting dismissal without prejudice. *See Lewis v. Verizon*, No. 1:22-CV-240-KAC-SKL, 2023 WL 2291163, at *1 (E.D. Tenn. Feb. 27, 2023) (finding that given the failure to comply with court order and failure to prosecute, "a less drastic sanction is not appropriate."). Ultimately, Defendants' failure to participate in the pre-trial process is indicative that lesser sanctions will not suffice. *See Kova Bristol Tenn 1894, LLC*, 2020 WL 13443403 at *1 ("[T]he Court finds that 'no alternative sanction would protect the integrity of the pretrial process' due to the Plaintiff's repeated failure to participate in the matter this close to trial."). Further, courts have held that "alternative sanctions are not appropriate" where "Plaintiff failed to comply with the Court's clear

instructions." *Sarten v. Khairollahi*, No. 3:21-CV-399-KAC-DCP, 2022 WL 2761134 at *1 (E.D. Tenn. July 14, 2022).

Similar to the case in *Sarten*, Defendants have wholly failed to comply with the Court's Order. *See id.* Since the Court's January 24 Order, Defendants have not retained new counsel or informed the Court that they require an extension of time in which to do so. Furthermore, Bhamani has not informed the Court that he will proceed as a self-represented litigant. Moreover, dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice. As such, the "controlling standards should be greatly relaxed" as the dismissed party could potentially later re-file. *Brewer*, 2025 WL 310130, at *2.

For all of the reasons discussed above, the Court should find that the applicable legal factors all weigh in favor of dismissing the Counterclaims.

## III. CONCLUSION

For the foregoing reasons, Mac's respectfully requests that Defendants' Counterclaims be dismissed without prejudice.

/s/ Jason I. Coleman
Jason I. Coleman (TN BPR No. 031434)
D. Michael Sweetnam (GA Bar No. 694960)
*(Admitted Pro Hac Vice)*
SWEETNAM, SCHUSTER & SCHWARTZ, LLC
1050 Crown Pointe Parkway, Suite 500
Atlanta, Georgia 30338
Telephone: (404) 444-2368
Email: jcoleman@sweetnamlaw.com
Email: msweetnam@sweetnamlaw.com

Andrea L. Marconi (AZ Bar No. 022577)
*(Admitted Pro Hac Vice)*
2394 East Camelback Road, Suite 600
Phoenix Arizona 85016
Telephone: (602) 916-5000
Email: amarconi@fennemorelaw.com

*Attorneys for Plaintiff Mac's Convenience Stores, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via notice automatically generated by the Court's ECF filing system and U.S. Mail on this 13th of May, 2025 to the following addresses:

**Kaish LLC**
Attn: Akbar Bhamani
1170 Bar Harbor Place
Lawrenceville, GA 30043

**Akbar Bhamani**
1170 Bar Harbor Place
Lawrenceville, GA 30043

*/s/ Lynn Marble*

51561952