UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MAC'S CONVENIENCE STORES, LLC,  )
                                )
            Plaintiff,           )
                                )
v.                               )   No.:   1:23-CV-284-TAV-CHS
                                )
KAISH LLC, and                   )
AKBAR BHAMANI,                   )
                                )
            Defendants.          )

## ORDER

Before the Court are plaintiff's motion to extend discovery deadlines [Doc. 37], motion for default judgment [Doc. 40], and motion to dismiss counterclaims for lack of prosecution [Doc. 41]. Defendant Akbar Bhamani timely responded to the motion for default judgment, but not plaintiff's other motions [Doc. 42]. Plaintiff replied [Doc. 43].

In March 2025, plaintiff filed applications for default as to both Bhamani and Kaish LLC [Docs. 34, 36], and default was entered against both defendants [Doc. 38]. In response to the Court's show-cause Order [Doc. 39], plaintiff subsequently filed its motion for default judgment [Doc. 40].

Bhamani then filed a pro se "response" to the motion for default judgment, which he signed on behalf of "Kaish LLC," as well [Doc. 42]. This filing does not respond directly to the legal arguments raised in plaintiff's motion but rather provides context and background that led to this dispute [*see id.*]. Bhamani notes that he retained counsel at the outset of this litigation, but his attorney withdrew due to his inability to pay legal fees [*Id.* at 2; *see* Doc. 33]. He indicates that he is unable to obtain new legal counsel because of

his financial situation [Doc. 42, p. 2]. He submits that he and his family "have endured immense emotional, physical, and financial hardship" during this litigation and he has unsuccessfully attempted to file for bankruptcy [*Id.*].

Under Rule 55 of the Federal Rules of Civil Procedure, when a party against whom a judgment is sought fails to plead or otherwise defend, the plaintiff should first seek a default from the clerk, and subsequently seek a default judgment. Fed. R. Civ. P. 55(a), (b). Here, plaintiff has obtained defaults under Rule 55(a), and now seeks default judgment under Rule 55(b).

However, the Court must consider the impact of Bhamani's response. "Courts disfavor default judgments, and for that reason, the legal prerequisites to enter a default judgment require strict compliance." *Daniels v. Christoff*, No. 2:20-cv-10469, 2024 WL 1470588, at *1 (E.D. Mich. Jan. 24, 2024) (internal quotation marks omitted) (citing *Walton v. Rogers*, No. 88-3307, 1988 WL 109859, at *1 (6th Cir. 19, 1988)). "Because a default judgment is a disfavored drastic step . . . the Court must be extremely forgiving to" the defendant. *Berkley v. Williams*, No. 17-2909, 2019 WL 639026, at *4 (W.D. Tenn. Feb. 14, 2019) (internal quotation marks omitted). Moreover, the Court notes that Bhamani has filed his response to the motion for default judgment pro se [Doc. 42]. And the Supreme Court has instructed that "[a] document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Liberally construing Bhamani's pro se response, the Court concludes that he seeks to either respond

2

in opposition to plaintiff's default judgment motion or to set aside the default previously entered against him and Kaish LLC.

Based on the entire record before the Court and in the interest of justice, it is hereby **ORDERED** as follows:

1. Defendant Bhamani **SHALL** have a new attorney enter an appearance on behalf of defendants **OR** defendant Bhamani shall inform the Court in writing that he intends to represent himself **within 30 days** of entry of this Order. While the Court is mindful of Bhamani's stated difficulties obtaining counsel, further delay[1] in this regard would unduly prejudice plaintiff and may result in default judgment against defendants.

2. Counsel for defendants, or Bhamani if he elects to represent himself,[2] **SHALL** file an amended response to plaintiff's motion for default judgment **within 7 days** of the above-requested notice regarding counsel.

3. Plaintiff's motion for default judgment [Doc. 40] is **DENIED without prejudice** to refiling should defendants fail to timely respond in accordance with this Order.

4. Given that defendants have not responded to plaintiff's motion to dismiss counterclaims [Doc. 41] or otherwise prosecuted their counterclaims, this

---

[1] The Court notes that defendant Bhamani was already instructed to inform the Court of his newly obtained counsel or his intention to represent himself on January 24, 2025, by the Honorable Christopher H. Steger, United States Magistrate Judge [Doc. 33]. He did not comply.

[2] The Court further notes that defendant Bhamani cannot represent defendant Kaish LLC, as previously noted by Judge Steger [*see* Doc. 33, p. 1].

3

motion is **GRANTED**, and defendants' counterclaims are **DISMISSED**. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) (affirming dismissal of claims abandoned in motions briefing); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021) (dismissing abandoned claims).

5. Based upon the above, plaintiff's motion to extend discovery deadlines [Doc. 37] is **DENIED as moot** pending defendant's response to this Order. Trial in this matter, currently scheduled for Tuesday, September 23, 2025, is **CANCELLED**. A new trial date, along with accompanying discovery deadlines, will be established pending defendants' response to this Order.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE